### *Ronald Scherer v. JP Morgan Chase & Co., et al.*
### (11th Cir. No. 24-11874)

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT
## C-1 of 3

Pursuant to Federal Rule of Appellate Procedure 26.1 and

Eleventh Circuit Rule 26.1-1, counsel for the United States of America,

U.S. Department of Justice, U.S. Department of the Treasury, and

Internal Revenue Service ("United States appellees") hereby certify

that, to the best of their knowledge, information, and belief, the

following persons and entities have an interest in the outcome of this

appeal:

> Boisture, Pooja A., Appellate Section, Tax Division,
>> United States Department of Justice, counsel for United
>> States appellees
>
> Bose, Sudeep, defendant-appellee
>
> Burrell, Chase Alan, Civil Trial Section, Tax Division, United
>> States Department of Justice, counsel for United States
>> appellees
>
> Byron, Paul G., United States District Judge, Middle District
>> of Florida, Orlando Division
>
> Derek, Leon, defendant-appellee

*Ronald Scherer v. JP Morgan Chase & Co., et al.*
**(11th Cir. No. 24-11874)**

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT
## C-2 of 3

Gonzalez, Lisette, defendant-appellee

Haungs, Michael J., Deputy Chief, Appellate Section, Tax Division, United States Department of Justice, counsel for United States appellees

Hubbert, David A., Deputy Assistant Attorney General, Tax Division, United States Department of Justice, named defendant in proceedings below

J.P. Morgan Chase & Co., defendant-appellee

J.P. Morgan Chase Bank, N.A., defendant-appellee

Katinsky, David A., Chief, Civil Trial Section - Northern Region, Tax Division, United States Department of Justice, named defendant in proceedings below

Kidd, Embry J., United States Magistrate Judge, Middle District of Florida, Orlando Division

Leon Cosgrove, LLP, defendant-appellee

Marbley, Algenon L., United States District Judge (Chief Judge), Southern District of Ohio, defendant-appellee

15256057.1

*Ronald Scherer v. JP Morgan Chase & Co., et al.*
**(11th Cir. No. 24-11874)**

**CERTIFICATE OF INTERESTED PERSONS**
**AND CORPORATE DISCLOSURE STATEMENT**
**C-3 of 3**

Parcell, Stuart G., defendant-appellee

Partlow, Jeffrey Michael, Cole Scott & Kissane, PA, defendant-appellee and counsel for Steven Tigges, Stuart Parcell, and Zeiger, Tigges & Little, LLP

Scherer, Ronald Earl, plaintiff-appellant

Shapiro, Alan M., formerly of the Civil Trial Section, Tax Division, United States Department of Justice, named defendant in proceedings below

Sklarew, Peter, Assistant Chief, Civil Trial Section - Northern Region, Tax Division, United States Department of Justice, named defendant in proceedings below

Summit Community Bank, defendant-appellee

Tigges, Steven, defendant-appellee

The Vanguard Group, defendant-appellee

Zeiger, Tigges & Little, LLP, defendant-appellee

15256057.1

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| **RONALD E. SCHERER SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-11874** |
| | ) | |
| **J.P. MORGAN CHASE & CO., ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

The United States of America, Internal Revenue Service, U.S. Department of Justice, and U.S. Department of the Treasury (the United States appellees herein) respectfully move this Court to summarily affirm the District Court order of May 31, 2024, denying appellant's motion for reconsideration. (Doc. 45.)[1] The District Court correctly determined that appellant Ronald E. Scherer failed to identify any manifest error of law or fact, or raise any extraordinary circumstance warranting reconsideration of its order dismissing Scherer's case without prejudice. (Doc. 45 at 3-4.) Given the court's

---

[1] "Doc." refers to the documents filed in the District Court, as numbered in the electronic filing stamp in the header of the documents.

15256057.1

multiple admonitions to Scherer that his case could be dismissed if he did not comply with the court's orders, and his repeated failures to do so, the District Court correctly dismissed his case in any event.

## STATEMENT

In November 2023, appellant Ronald Scherer filed a complaint in a Florida state court seeking $400 million in damages from various federal Government entities, a federal judge, and other parties, for alleged acts of "fraud" and "racketeering" stemming from the Government's assessment of income tax liability against Scherer in 2005. (Doc. 1-2 at 7, 14-21.) The United States promptly removed the action to the United States District Court for the Middle District of Florida. (Doc. 1.) Upon motion by the United States, the Court substituted the United States for the Department of Justice individuals that Scherer had listed as defendants in his complaint. (Doc. 23.)

Shortly after the case was removed to federal court, the District Court issued an initial case order directing Scherer to file a case management report in compliance with Rule 3.02 of the District Court's local rules. (Doc. 6; Doc. 42 at 2.) Attached to the initial case order was the template uniform case management report (Doc. 6 at 9-14), the use of which was "mandatory." (Doc. 6 at 3.) When Scherer failed to file the

15256057.1

report, the District Court entered an order on April 4, 2024, directing

him to file the report within fourteen days and show cause as to why he

failed to timely file the report.  (Doc. 26 at 1; Doc. 42 at 2.)  That order

warned Scherer that his failure to comply could result in the dismissal

of his case.  (Doc. 26 at 2.)  Scherer subsequently filed a unilateral case

management report that did not comply with Local Rule 3.02, because it

was not made after conferring with the other parties.  (Doc. 34; Doc. 35

at 2.)

After Scherer again failed to comply with the local rule regarding

the case management report, the court issued a second order on April

19, 2024, requiring him to show cause within fourteen days as to his

failure to file the report.  (Doc. 35 at 2.)  The April 19 order also

explained that Scherer was required to confer with the other parties

before filing the case management report and could not file a unilateral

report.  (Doc. 35 at 2.)  As with the District Court's April 4 order, its

April 19 order specifically admonished Scherer that his failure to

comply could result in the dismissal of his case.  (Doc. 35 at 2.)

Ultimately, on May 6, 2024, Scherer again filed a unilateral report that

failed to comply with Rule 3.02.  (Doc. 41.)

- 4 -

When Scherer failed after three attempts to file the case

management report required by the District Court's rules, the court on

May 8, 2024 dismissed his case without prejudice and directed the clerk

to "close the file." (Doc. 42 at 3.) Scherer filed a reply to the order

dismissing his case, which the court construed as a motion for

reconsideration. (Doc. 44; Doc. 45 at 1.) The reply did not address why

Scherer was unable to file a case management report that complied

with the court's rules. (Doc. 45 at 4.) Because Scherer failed to

demonstrate why he qualified for the extraordinary remedy of

reconsideration, the court denied his motion by order entered May 31,

2024. (Doc. 45 at 3-4.) On June 7, Scherer filed a timely appeal from

the denial of his motion for reconsideration. (Doc. 46.)

## DISCUSSION

Summary disposition is appropriate when "the position of one of

the parties is clearly right as a matter of law so that there can be no

substantial question as to the outcome of the case." *Hawthorne v.*

*United States*, No. 21-10164, 2022 WL 3099271, at *1 (11th Cir. Aug. 4,

2022) (quoting *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162

(5th Cir. 1969)). The Government respectfully submits that summary

affirmance is appropriate here because Scherer's motion for

reconsideration did not identify any manifest error of law or fact, or any extraordinary circumstance, warranting reconsideration of the District Court's order dismissing his case. And, in any event, there is no basis for disturbing the District Court's dismissal of Scherer's case without prejudice.

### A.  Scherer did not demonstrate any manifest error of law or fact, or any extraordinary circumstance, warranting reconsideration

The denial of a motion for reconsideration, whether construed as a Federal Rule of Civil Procedure 59(e) motion or a Rule 60(b) motion, is reviewed for an abuse of discretion.[2] *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (Rule 59(e)); *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (Rule 60(b)). Reconsideration of an order under Rule 60(b) is an "extraordinary remedy" limited to the "exceptional circumstances" when an "extreme" and "unexpected" hardship would otherwise result. *Griffin*, 722 F.2d at 680 (citations omitted). Rule 59(e) relief is granted only where there is newly-discovered evidence or to correct manifest errors of law or fact. *Arthur*, 500 F.3d at 1343.

---

[2] The District Court construed Scherer's post-judgment response as either a Rule 59(e) motion or a Rule 60(b) motion. (Doc. 45 at 3.)

Scherer's motion for reconsideration did not argue that there was any newly-discovered evidence or manifest error of law or fact, or any exceptional circumstance warranting the relief he sought. (Doc. 45 at 4.) Instead, he used his motion to make arguments unrelated to his failure to file the case management report in compliance with the District Court's rules, avoiding any mention of the very reason his case was dismissed. (Doc. 44; Doc. 45 at 4.) Nor did Scherer explain his inability to comply with the court's multiple orders that warned him of the dismissal. (Doc. 44.) Given Scherer's "numerous unjustified violations of the court's orders," the court's denial of Scherer's motion for reconsideration was fully supported. *Griffin*, 722 F.2d at 680-81.

> **B.    In any event, the District Court correctly dismissed Scherer's case without prejudice given his failure to comply with multiple court orders**

In any event, there is no basis for disturbing the District Court's dismissal of Scherer's case without prejudice.[3]

This Court reviews the District Court's s dismissal for failure to follow court orders for abuse of discretion. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017). District courts

---

[3] A court's dismissal of a complaint without prejudice that closes the case is a final, appealable order. *Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993).

15256057.1

possess an inherent power to manage their dockets and dismiss complaints for failure to follow court orders.  *Id.* at 1126; *see also* Fed. R. Civ. P. 41(b).  Although "dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Moreover, "a dismissal made *without* prejudice constitutes no abuse of discretion because the affected party may refile his civil action." *Taylor v. Exec. Dir. at Fla. Dep't of Highway Safety & Motor Vehicles*, No. 22-10384, 2023 WL 5664169, at *2 (11th Cir. Sept. 1, 2023) (citing *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983)); *Hawthorne*, 2022 WL 3099271, at *1.  Consequently, unlike in cases involving a lower court's dismissal with prejudice, "dismissal without prejudice requires no showing of willful noncompliance with court orders or a determination that a lesser sanction would not suffice." *Taylor*, 2023 WL 5664169, at *2.

Here, in any event, Scherer *did* evince willful noncompliance with court orders—he failed to file a case management order that complied with the court's rules after being given three chances to do so.  The District Court's instructions in its orders requiring him to file the report

- 8 -

were clear:  his failure to timely comply "may result in a dismissal of this action or the imposition of other appropriate sanctions without further notice from the Court."  (Doc. 26 at 2; Doc. 35 at 2.)  Scherer's pro se status does not excuse his noncompliance.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Welch v. Comcar Indus.*, 139 F. App'x 138, 139-40 (11th Cir. 2005).

This Court has upheld dismissal in cases like this, where the appellant was "on notice of the local rule when the district court issued its case management order, and ... was also made aware that violations of the local rules could be cause for sua sponte dismissal in the district court's subsequent order[s]," this Court has upheld dismissal.  *Rembert v. Ests.*, No. 23-11434, 2024 WL 449354, at *2 (11th Cir. Feb. 6, 2024); *see also Jones v. Gadsden Cnty. High Sch.*, No. 21-11430, 2021 WL 5145270, at *1 n.2 (11th Cir. Nov. 5, 2021); *Welch*, 139 F. App'x at 139. Indeed, this Court has summarily affirmed where a district court dismissed a pro se litigant's case for failure to comply with the court's orders to cure technical deficiencies in a motion.  *Hawthorne*, 2022 WL 3099271, at *2.

- 9 -

## CONCLUSION

For the foregoing reasons, the order of the District Court should

be summarily affirmed without further proceedings.

Respectfully submitted,

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

/s/ Pooja A. Boisture

| | |
|---|---|
| MICHAEL J. HAUNGS | (202) 514-4343 |
| POOJA A. BOISTURE | (202) 514-6072 |

  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*
  *Appellate.TaxCivil@usdoj.gov*
  *Pooja.A.Boisture@usdoj.gov*

JUNE 27, 2024

## Certificate of Compliance With Type-Volume Limit

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1.  This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

> [X]   this document contains 1,633 words, **or**

> [ ]   this brief uses a monospaced typeface and contains _____ lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> [X]   this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14, **or**

> [ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

(s)   _/s/ Pooja A. Boisture_

Attorney for  _United States of America, Internal Revenue Service, U.S. Department of Justice, and U.S. Department of the Treasury_

Dated:  _____June 27, 2024_

## CERTIFICATE OF SERVICE

I hereby certify that, on June 27, 2024, I electronically filed the

foregoing motion with the Clerk of the Court for the United States

Court of Appeals for the Eleventh Circuit by using the CM/ECF system.

All participants in the case are registered CM/ECF users and will be

served by the CM/ECF system.


    /s/ Pooja A. Boisture

POOJA BOISTURE

*Attorney*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**RONALD E. SCHERER, SR. ,**

    **Plaintiff,**

**v.**          **Case No: 6:23-cv-2383-PGB-EJK**

**J.P. MORGAN CHASE & CO.,
J.P. MORGAN CHASE BANK,
N.A., STEVEN TIGGES, STUART
G. PARCELL, ZEIGER, TIGGES
& LITTLE, LLP, ALGENON L.
MARBLEY, SUMMIT
COMMUNITY BANK, SUDEEP
BOSE, LISETTE GONZALEZ,
LEON COSGROVE, LLP, LEON
DEREK, JEFFREY PARTLOW,
THE VANGUARD GROUP,
INTERNAL REVENUE
SERVICE, UNITED STATES
DEPARTMENT OF JUSTICE,
U.S. DEPARTMENT OF
TREASURY and UNITED
STATES OF AMERICA,**

    **Defendants.**

_____/

## ORDER

    This cause is before the Court on Plaintiff's Reply to Dismissal Without Prejudice and Request for Additional Time, which this Court construes as a Motion for Reconsideration.[1] (Doc. 44 (the "**Motion for Reconsideration**")). The Court

---

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

does not deem a response from Defendants necessary, and upon due consideration, the Motion for Reconsideration is denied.

## I.   BACKGROUND

Plaintiff's action was removed to this Court on December 12, 2023. (Doc. 1). On December 13, 2023, the Court issued its Initial Case Order directing Plaintiff to file a Case Management Report in compliance with Local Rule 3.02. (Doc. 6, p. 9). On April 4, 2024, the Court entered an Order (Doc. 26 (the "**First OTSC**")) directing Plaintiff to show cause and advise the Court on its failure to file a Case Management Report within the time required by Local Rule 3.02(b). On April 18, 2024, Plaintiff filed an inadequate response to the First OTSC as it failed to address the Case Management Report. (Doc. 33). Nonetheless, on the same day, Plaintiff filed a Unilateral Case Management Report. (Doc. 34).

Considering Plaintiff still failed to comply with Local Rule 3.02, the Court issued an Order (Doc. 35 (the "**Second OTSC**")) directing Plaintiff on how to file an adequate Case Management Report. Further, the Court notified Plaintiff that "[f]ailure to timely comply with this [Second OTSC] may result in dismissal of the case without further notice or other appropriate sanctions." (*Id.* at p. 2). Ultimately, on May 6, 2024, Plaintiff filed another Unilateral Case Management Report, which again failed to comply with Local Rule 3.02. (*See* Doc. 41).

As such, this Court dismissed the case without prejudice due to Plaintiff's failure to file a Case Management Report in compliance with Local Rule 3.02, the

Initial Case Order, the First OTSC, and the Second OTSC (Doc. 42 (the "**Dismissal Order**")). Now, Plaintiff seeks reconsideration of the Dismissal Order. (Doc. 44).

## II.   STANDARD OF REVIEW

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 59(e), 60(b).

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam)[2]. It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or

---

[2]   "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).[3]

## III.  DISCUSSION

Simply put, Plaintiff's Motion for Reconsideration does not satisfy the rigorous standard for reconsideration of a Court's Order.[4] (*See* Doc. 44). Plaintiff fails to identify any "manifest errors of law or fact" to support its Motion for Reconsideration of the Court's Dismissal Order. (*See id.*). In fact, Plaintiff fails to even reference the Court's Initial Case Order, First OTSC, Second OTSC, or the Dismissal Order. (*Id.*). Nor does Plaintiff present any argument regarding its failure to file a case management report—which is the underlying reason for dismissal of this case. (Doc. 42).

Instead, Plaintiff vaguely asserts various allegations regarding Defendants' actions in state court to support the argument that this case be reopened. (Doc. 44). Ultimately, the Court will not reconsider its prior decision without adequate reason.

---

[3] Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

[4] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

**IV.   CONCLUSION**

For these reasons, Plaintiff's Motion for Reconsideration (Doc. 44) is

**DENIED**.

**DONE AND ORDERED** in Orlando, Florida on May 31, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**RONALD E. SCHERER, SR.,**

        **Plaintiff,**

**v.**                          **Case No: 6:23-cv-2383-PGB-EJK**

**J.P. MORGAN CHASE & CO.,
J.P. MORGAN CHASE BANK,
N.A., STEVEN TIGGES, STUART
G. PARCELL, ZEIGER, TIGGES
& LITTLE, LLP, ALGENON L.
MARBLEY, SUMMIT
COMMUNITY BANK, SUDEEP
BOSE, LISETTE GONZALEZ,
LEON COSGROVE, LLP, LEON
DEREK, JEFFREY PARTLOW,
THE VANGUARD GROUP,
INTERNAL REVENUE
SERVICE, UNITED STATES
DEPARTMENT OF JUSTICE,
U.S. DEPARTMENT OF
TREASURY and UNITED
STATES OF AMERICA,**

        **Defendants.**

_____/

## ORDER

    This cause is before the Court upon periodic review. Considering Ronald E.

Scherer's ("**Plaintiff**") repeated failures to file a Case Management Report in

compliance with Local Rule 3.02, this case is due to be dismissed without

prejudice.

## I.    BACKGROUND

Plaintiff initiated this action on December 12, 2023. (Doc. 1). On December 13, 2023, the Court issued its Initial Case Order directing Plaintiff to file a Case Management Report in compliance with Local Rule 3.02. (Doc. 6). On April 4, 2024, the Court entered an Order (Doc. 26 (the "**First OTSC**")) directing Plaintiff to show cause and advise the Court on its failure to file a Case Management Report within the time required by Local Rule 3.02(b). On April 18, 2024, Plaintiff filed an inadequate response to the First OTSC as it failed to address the Case Management Report. (Doc. 33). Nonetheless, on the same day, Plaintiff filed a Unilateral Case Management Report. (Doc. 34).

Considering Plaintiff still failed to comply with Local Rule 3.02, the Court issued an Order (Doc. 35 (the "**Second OTSC**")) directing Plaintiff on how to file an adequate Case Management Report. Further, the Court notified Plaintiff that "[f]ailure to timely comply with this [Second OTSC] may result in dismissal of the case without further notice or other appropriate sanctions." (*Id.* at p. 2).

Ultimately, on May 6, 2024, Plaintiff filed another Unilateral Case Management Report, which again failed to comply with Local Rule 3.02. (Doc. 41).

## II.   DISCUSSION

As explained in the Court's Initial Case Order, the parties are directed to consult Local Rule 3.02 when completing the Case Management Report. (Doc. 6, p. 3). Specifically, Local Rule 3.02(a) provides that the parties:

> (1) must conduct the planning conference required by the Federal Rules of Civil Procedure in person, by telephone, or by comparable means and

(2) must file a case management report using the standard
form on the court's website.

Here, Plaintiff filed a *Unilateral* Case Management Report and failed to indicate that the parties conducted the planning conference as required by Local Rule 3.02(a)(1). (Doc. 41). Consequently, Plaintiff's Unilateral Case Management Report fails to comply with the Court's Second OTSC. (*Id.*). As such, Plaintiff has failed to file an adequate Case Management Report in compliance with Local Rule 3.02, and the time to do so has now passed.

## III.   CONCLUSION

Therefore, due to Plaintiff's failure to file a Case Management Report in compliance with Local Rule 3.02, the Initial Case Order, the First OTSC, and the Second OTSC, it is **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on May 8, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties